## Commonwealth v. Null

*Francis A. Searer,* District Attorney, for Commonwealth.

*Robert B. Brugler,* for prosecutrix.

*John B. Schaner,* for defendant.

ZIEGLER, P. J., October 11, 1972.—Defendant was charged by Claire Rupp pursuant to section 854 of The Penal Code of June 24, 1939, P. L. 872, as amended, 18 PS §4854, with having issued a worthless check in the amount of $600 on November 4, 1970. Following waiver, defendant was tried nonjury on May 8, 1972. After presentation of Commonwealth's case, defendant demurred to the evidence and advised the court that he would offer no evidence even though his demurrer were overruled.

On November 4, 1970, defendant and prosecutrix met on one or more occasions to discuss improvements by defendant to real estate of prosecutrix. After estimate by defendant, he requested a $600 advance, representing that he would need money to get started because his funds were tied up in receivables. To prosecutrix' inquiry concerning her protection in the event of his failure to perform, defendant allowed that he would give her his check in the same amount as a "guarantee." He then gave her his check in like amount, assuring her that his check was protection to her in that any justice of the peace could collect it. It appears that no materials were delivered nor work commenced. On December 4th she deposited the check for collection and was subsequently advised that there

were insufficient funds to his credit with drawee bank to pay his check. At hearing, it was stipulated that there were insufficient funds to his credit at any material time to pay the check.

Although we have not had the benefit of a brief from either private counsel for prosecutrix or the district attorney, we shall perform our function of decision.

Since the offense is committed, if at all, when the check is issued, it must be proven that the criminal act was completed at the time of delivery of the check. As it was the understanding of the parties that the check would be good and payable only at some future time subsequent to its delivery, his undertaking was no more than a promise to perform in the future. By analogy to post-dated checks, an undertaking to perform in the future does not constitute a violation of said section.

Furthermore, since he requested an advance because he needed money to get started, she knew that the check was not good. Therefore, she was not defrauded by accepting it. And, as noted by the court in Commonwealth v. Bonetti, 211 Pa. Superior Ct. 161 at 165 (1967), the purpose of the statute is to prevent fraud.

Hence, as a "guarantee" the check constituted a conditional undertaking, i.e., it was conditioned upon his failure to perform. Being conditional, it merely contemplated future performance.

Accordingly, we enter the following

### ORDER

Now, October 11, 1972, defendant's demurrer to the evidence is sustained. Exception is noted to Robert B. Brugler, Esq., private counsel for prosecutrix, and to Francis A. Searer, district attorney.